# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

St. Paul Motorsports, Inc.
d/b/a St. Paul Harley-Davidson,

Court File No.: 11-CV-03229 PJS/TNL

Plaintiff,

vs.

Harley-Davidson Motor Company, Inc.
d/b/a Harley-Davidson Motor Company,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARLEY-DAVIDSON MOTOR COMPANY, INC.'S MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND TO EXPEDITE A HEARING ON ITS MOTION TO DISMISS**

## INTRODUCTION

Defendant, Harley-Davidson Motor Company, Inc. ("HDMC"), submits this Memorandum in support of its: 1) Motion to Continue and Extend the Hearing Date on Plaintiff's Motion for Temporary Restraining Order currently set for November 18, 2011 and, 2) HDMC's Motion to Expedite a Hearing on its Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or to Transfer Venue to Eastern District of Wisconsin.

Plaintiff, St. Paul Motorsports, Inc. d/b/a St. Paul Harley-Davidson ("Plaintiff"), initially brought an action against HDMC in the Wisconsin Division of Hearings and Appeals on March 17, 2011 challenging HDMC's ability to enforce certain policies. A final determination of Plaintiff's challenge is pending.[1]   On October 27, 2011, HDMC filed an action against Plaintiff in the United States District Court for the Eastern District of Wisconsin, seeking certain rulings on the enforcement of its Policies now being challenged by Plaintiff in both Wisconsin, and as of recently, Minnesota.  It was not until

---

[1] A complete discussion of the procedural posture of this dispute is set forth in HDMC's Memorandum in Support of its Motion to Dismiss, filed contemporaneously on this motion.

October 31, 2011, that Plaintiff commenced the present action in Minnesota state court, Ramsey County, by serving process on HDMC (but not filing the claim in state court). HDMC removed the state court action to federal court.  Plaintiff filed its motion for Temporary Restraining Order and this Court has set a hearing on Plaintiff's motion on November 18, 2011.

HDMC has contemporaneously filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and/or to transfer venue to the Eastern District of Wisconsin under the First-Filed Rule and 28 U.S.C. § 1404.  Because HDMC is challenging the subject matter jurisdiction of this Court, and/or seeking a transfer of venue, both of which would significantly impact this Court's ruling on the substantive issues of Plaintiff's motion for temporary restraining order, HDMC requests that this Court: 1) expedite the hearing of HDMC's motion to dismiss for lack of subject matter Jurisdiction and/or to transfer venue, and 2) continue Plaintiff's motion for temporary restraining order.

## **LAW**

In this case, there is "good cause" to expedite the hearing on HDMC's motion to dismiss and/or transfer venue while at the same time continuing the hearing on Plaintiff's motion for temporary restraining order.  Federal Rule of Civil Procedure 6 (c)(1) allows this Court to expedite a hearing date if "good cause" is shown.

The Court's current schedule setting Plaintiff's motion for temporary restraining order to be heard on November 18, 2011, necessarily requires HDMC to appear and respond to the substantive claims of the Plaintiff, while at the same time requires this Court to rule on those substantive issues before there is any specific determination as

to the appropriateness of subject matter jurisdiction and/or venue.  Should HDMC's motion to dismiss and/or transfer venue be granted, Plaintiff's motion for a temporary restraining order is not properly before this Court and should not be considered.

Even if this Court determines there is subject matter jurisdiction to hear Plaintiff's motion for temporary restraining order, HDMC's motion to dismiss pursuant to the First Filed rule or to transfer venue, which is fully briefed in separate filings herein, would support the Eastern District of Wisconsin being the proper venue for the motion to be heard and decided.   Hearing Defendant's motion to dismiss and/or transfer venue promotes judicial efficiency and economy for the Court and all of the parties.  The Court can use the same hearing date as previously scheduled for the temporary restraining order, i.e. November 18, 2011.  Depending upon the Court's ruling on HDMC's motion, the Court can set a hearing on the temporary restraining order, if necessary, within ten days of the Court's ruling on HDMC's motion to dismiss and/or transfer venue.

For the same reasons, HDMC has "good cause" for this Court to continue the hearing on Plaintiff's motion for temporary restraining order.  Fed. R. Civ. P. 6(b)(1)(A), allows this Court to extend or continue a time to respond and/or hearing for "good cause" if the request is made before the original time for doing the act expires.

This Court currently has two pending motions which directly relate to each other: (1)  HDMC's motion to dismiss for lack of subject matter jurisdiction and/or to transfer venue and (2) Plaintiff's motion for a temporary restraining order.  In the event HDMC's motion to dismiss and/or transfer venue is granted, then this Court need not even address the substantive issues of Plaintiff's pending motion. Accordingly, a ruling on HDMC's motion to dismiss and/or transfer venue directly impacts whether the Court will

need to hear Plaintiff's motion for temporary restraining order and considerations of judicial economy and efficiency would be better served if HDMC's motion to dismiss and/or transfer is heard first.

## CONCLUSION

HDMC respectfully requests that this Court grant its motion to expedite the hearing on HDMC's motion to dismiss and/or transfer venue and to continue the hearing on Plaintiff's motion for a temporary restraining order.

MURNANE BRANDT

Dated: November 10, 2011

s/Daniel A. Haws
Daniel A. Haws #193501
30 E. Seventh Street, Suite 3200
St. Paul, Minnesota 55101-4919
(651) 227-9411
*Attorneys for Defendant Harley-
Davidson Motor Company, Inc.*

1340531