UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| St. Paul Motorsports, Inc., <br> d/b/a St. Paul Harley-Davidson, <br><br> Plaintiff, <br><br> vs. <br><br> Harley-Davidson Motor Company, Inc., <br> d/b/a Harley-Davidson Motor Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11-cv-03229 (PJS-TNL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

TO:   Douglas R. Boettge
　　　Liz Kramer
　　　Lawrence J. Field
　　　LEONARD, STREET AND DEINARD, P.A.
　　　150 South Fifth Street, Suit 2300
　　　Minneapolis, MN 55402
　　　*Attorneys for Plaintiff*

### Motion to Dismiss or Transfer Venue

Defendant Harley-Davidson Motor Company, Inc. ("HDMC") hereby moves the Court for an Order dismissing the above-captioned action for lack of subject matter jurisdiction.  Alternatively, HDMC moves for an Order dismissing the action pending in this District or transferring this action to the Eastern District of Wisconsin. The grounds for the motion, as more fully set forth in the accompanying Memorandum of Law and the accompanying affidavits, are that St. Paul's claims for purported damages and injunctive relief are not ripe and do not constitute an Article III case or controversy

sufficient to confer jurisdiction upon this Court. Grounds for the alternative motion for dismissal or transfer are that HDMC had filed in the Eastern District of Wisconsin a complaint involving the same parties and substantially the same issues prior to Plaintiff St. Paul Motorsports, Inc. ("St. Paul") filing its complaint in Minnesota state court, which case was then removed to this Court. There are no compelling circumstances that would justify departure from the general rule that, in cases of concurrent jurisdiction, the court in which jurisdiction first attaches is the court that should proceed to decide a dispute. Accordingly, St. Paul's complaint before this court should be dismissed or the case should be transferred to the Eastern District of Wisconsin, where HDMC's first-filed complaint is pending. Even in the absence of the application of the first-filed rule, transfer of venue to the Eastern District of Wisconsin is appropriate pursuant to the framework established by 28 U.S.C. § 1404(a).

Pursuant to Local Rule 7.1, this Motion is accompanied by a Memorandum of Law in Support of Motion to Dismiss or Transfer Venue, a Proposed Order, and Affidavits of Mike Kennedy and Adam E. Crawford, which are filed and served along with this Motion. This Motion is based on these accompanying papers and all of the files, records, and proceedings in this action.

Dated:  November 10, 2011                                   Respectfully submitted,

/s Daniel A. Haws _____
Daniel A. Haws, MN #193501
MURNANE BRANDT
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
651.227.9411 (telephone)

*Attorneys for Defendant Harley-Davidson Motor Company, Inc.*

Roberta F. Howell, Wis. Bar No. 1000275
   *(pro hac vice application pending)*
Jodi L. Newman, Wis. Bar No. 1083773
   *(pro hac vice application pending)*
FOLEY & LARDNER LLP
150 East Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
608.257.5035 (phone)
608.258.4258 (facsimile)
rhowell@foley.com
jknewman@foley.com

Adam E. Crawford, Wis. Bar No. 1056803
   *(pro hac vice application pending)*
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
414.271.2400 (phone)
414.297.4900 (facsimile)
aecrawford@foley.com

Daniel A. Haws, MN #193501
MURNANE BRANDT
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
651.227.9411 (telephone)
651.223.5199 (facsimile)
dhaws@murnane.com
1340978