LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

**DOUGLAS R. BOETTGE**
612-335-7252 DIRECT
DOUGLAS.BOETTGE@LEONARD.COM

November 16, 2011

**VIA ECF AND HAND-DELIVERY**

Honorable Patrick J. Schiltz
United States Courthouse
300 South Fourth Street, Suite 14E
Minneapolis, MN 55415

Re: *St. Paul Motorsports, Inc., v. Harley-Davidson Motor Company, Inc.*
Court File No: 11-cv- 03229 PJS-TNL

Dear Judge Schiltz:

We represent the Plaintiff St. Paul Harley-Davidson (SPHD) in this matter. I write with respect to the two motions currently pending before the Court—i.e., SPHD's motion for a preliminary injunction (Doc. No. 7) and Defendant's motion to dismiss or transfer (Doc. No. 21). Specifically, I write to inform the Court that the Administrator of the Wisconsin Division of Hearings and Appeals has issued a final decision on SPHD's administrative complaint, adopting the October 21, 2011 Proposed Decision and dismissing SPHD's administrative complaint for lack of jurisdiction because SPHD is not licensed by the Wisconsin Department of Transportation. Attached to this letter is a copy of the Administrator's final decision.

SPHD received the final decision today, one day after SPHD filed its reply memorandum in support of its motion for a preliminary injunction (Doc. No. 27) and its memorandum in opposition to Defendant Harley-Davidson's Motion to Dismiss or Transfer Venue (Doc. No. 31). SPHD brings the final decision to the Court's attention because SPHD believes the decision may be helpful to the Court in deciding the pending motions.

Very truly yours,

LEONARD, STREET AND DEINARD

/s/ Douglas R. Boettge

Douglas R. Boettge

Enclosure
cc: Daniel A. Haws, Esq. (via ECF)
 Roberta F. Howell, Esq. (via U.S. Mail)

8304324v1

LAW OFFICES IN MINNEAPOLIS • MANKATO • ST. CLOUD • WASHINGTON, D.C.

A Professional Association
WWW.LEONARD.COM



**Before The
State Of Wisconsin
DIVISION OF HEARINGS AND APPEALS**

---

St. Paul Motorsports, Inc., d/b/a St. Paul Harley-
Davidson, Complainant

v.  Case No.: TR-11-0010

Harley-Davidson Motor Company, Inc., d/b/a
Harley-Davidson Motor Company, Respondent

---

FINAL DECISION

On March 17, 2011, St. Paul Motorsports, Inc., d/b/a St. Paul Harley-Davidson, (St. Paul) filed a complaint pursuant to Wis. Stat. § 218.0116(8) against Harley-Davidson Motor Company, Inc., d/b/a Harley-Davidson Motor Company, (Harley-Davidson). By letter dated May 25, 2011, the parties advised the administrative law judge (ALJ) that mediation had occurred and had not been successful. The parties informed the ALJ that the matter was ready for the Division of Hearings and Appeals (DHA) to schedule further proceedings.

The ALJ conducted a telephone conference on June 11, 2011. During the telephone conference, the attorney for Harley-Davidson indicated that she intended to file a motion to dismiss the complaint. Accordingly, no evidentiary hearing was scheduled. Pursuant to the briefing schedule established during the telephone conference, Harley-Davidson filed its Motion to Dismiss and supporting brief on June 30, 2011; St. Paul filed a response brief and supporting affidavit opposing the motion on July 25, 2011. Harley-Davidson filed a reply brief on August 8, 2011. On September 6, 2011, St. Paul filed supplementary material indicating that it had applied for a Wisconsin Motor Vehicle Dealer's license. On September 13, 2011, Harley-Davidson filed a response to St. Paul's supplemental filing.

In accordance with Wis. Stat. § 227.47 and 227.53(1)(c), the PARTIES to this proceeding are certified as follows:

St. Paul Motorsports, Inc., d/b/a St. Paul Harley-Davidson, Complainant, by

> Attorney Lawrence M. Shapiro,
> Attorney Kathryn N. Hibbard
> Greene Espel P.L.L.P.
> 200 South Sixth Street, Suite 1200
> Minneapolis, MN 55402-1415

and

Attorney James T. Nikolai
Nikolai & Mersereau, P.A.
900 Second Avenue South, Suite 820
Minneapolis, MN 55402

On September 22, 2011, a Notice of Substitution of Attorneys was filed. Attorneys Shapiro and Hibbard were substituted as attorneys for the Complainant by:

Attorney Douglas R. Boettge
Attorney Liz Kramer
Leonard, Street and Deinard, Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Harley-Davidson Motor Company, Inc., d/b/a Harley-Davidson Motor Company, Respondent, by:

Attorney Roberta F. Howell
Foley & Lardner LLP
Post Office Box 1497
Madison, WI 53701-1497

The ALJ issued a Proposed Decision granting the respondent's Motion to Dismiss on October 21, 2011. On November 7, 2011, the respondent filed a letter in support of the Proposed Decision. No comments on the Proposed Decision were received from the complainant. The Proposed Decision is adopted as the Final Decision in this matter.

Discussion

St. Paul and Harley-Davidson have entered into a Motorcycle Dealer Contract (Dealer Agreement) establishing St. Paul as a Harley-Davidson motorcycle dealer. St. Paul's dealership facilities are located in St. Paul, Minnesota. St. Paul is licensed to operate as a motor vehicle dealer by the State of Minnesota. St. Paul is not currently licensed by the Wisconsin Department of Transportation (WisDOT).[1] On or about February 1, 2011, Harley-Davidson notified St. Paul that it intended to modify St. Paul's Dealer Agreement. St. Paul filed a complaint pursuant to Wis. Stat. § 218.0116(8) against Harley-Davidson. The complaint alleges that Harley-Davidson

---

[1] The supplementary material St. Paul filed includes a statement that St. Paul has applied for a Wisconsin motor vehicle dealership license and expected to receive a license in less than sixty days. Harley-Davidson responded to this statement by asserting that the Manufacturer Certification of Dealer (a necessary form as part of the application for a Wisconsin motor vehicle dealer license) was executed by a Harley-Davidson employee in error. On October 13, 2011, Harley-Davidson filed a copy of a letter from the WisDOT denying St. Paul's application for a Wisconsin motor vehicle dealer license.

is unilaterally amending the Dealer Agreement and that no good cause exists for the modification of the Dealer Agreement.

In response, Harley-Davidson filed a Motion to Dismiss the complaint. Harley-Davidson argues that the DHA does not jurisdiction to hear and decide St. Paul's complaint because St. Paul is not a motor vehicle dealer licensed by the WisDOT. It is undisputed that St. Paul is not a motor vehicle dealer licensed by the WisDOT. To rule on Harley-Davidson's motion, the only issue that needs to be decided is whether it is necessary for a motor vehicle dealer to be licensed as a motor vehicle dealer by the WisDOT to have standing to file a complaint with the DHA under Wis. Stat. § 218.0116(8)(a).

Wisconsin Stat. § 218.0116(8)(a) provides:

> A manufacturer or distributor may not modify a motor vehicle dealer agreement during the term of the agreement or upon its renewal if the modification substantially and adversely affects the motor vehicle dealer's rights, obligations, investment or return on investment without giving 60 days written notice of the proposed modification to the motor vehicle dealer unless the modification is required by law, court order or the licensor. Within the 60-day notice period the motor vehicle dealer may file with the department of transportation and the division of hearings and appeals and serve upon the respondent a complaint for a determination of whether there is good cause for permitting the proposed modification. The division of hearings and appeals shall promptly schedule a hearing and decide the matter. Multiple complaints pertaining to the same proposed modification shall be consolidated for hearing. The proposed modification may not take effect pending the determination of the matter.

The proposed modification of the Dealer Agreement appears to be one that would fall within the subject matter of Wis. Stat. § 218.0116(8)(a). Wisconsin Stat. § 218.0116(8)(a) allows complaints to be filed by motor vehicle dealers. "Motor vehicle dealer" for purposes of Wis. Stat. Chapter 218 is defined at Wis. Stat. § 218.0101(23)(a). Wis. Stat. § 218.0101(23)(a) provides:

> "Motor vehicle dealer" means any person, firm or corporation, . . . who:
>
>   1. For commission, money or other thing of value, sells, leases, exchanges, buys, offers or attempts to negotiate a sale, consumer lease or exchange of an interest in motor vehicles; or
>
>   2. Is engaged wholly or in part in the business of selling or leasing motor vehicles, including motorcycles, whether or not the motor vehicles are owned by that person, firm or corporation.

This definition of a motor vehicle dealer does not specify that a motor vehicle dealer must be licensed in Wisconsin. St. Paul argues that the unambiguous language of Wis. Stat. § 218.0116(8)(a) provides that any motor vehicle dealer has standing to file a complaint under

Wis. Stat. § 218.0116(8)(a) with the DHA. This argument is absurd on its face. There is no conceivable basis for the DHA to have jurisdiction over a dispute between a motor vehicle manufacturer and a dealer that has no connection to Wisconsin

Alternatively, St. Paul alleges that it has been assigned sales responsibility for an area of Wisconsin. Therefore, it does operate in Wisconsin. The fact that St. Paul has been assigned sales responsibility for an area of Wisconsin does, at least, create an arguable nexus for DHA to have jurisdiction in this matter. However, the DHA, as an administrative agency, has only the powers expressly granted it by the legislature. *Graffi v. Wis. Dep't of Natural Resources*, 2000 WI App 187, ¶ 6, 238 Wis. 2d 750, 618 N.W.2d 897. An arguable nexus is not a sufficient basis for an administrative agency to assume jurisdiction in a matter that has not been expressly granted. The DHA's role in hearing and deciding disputes motor vehicle dealers and manufacturers is derived from the WisDOT's licensing authority. In *Ford Motor Company v. Lyons*, 137 Wis. 2d 397, 405 N.W.2d 354 (Ct. App. 1987) the Wisconsin Court of Appeals held "the licensing requirements under § 218.01 to be crucial to the recognized goals of [Wis. Stat. Chapter 218]. Therefore standing as a licensee is essential to the assertion of any claims under this chapter." 137 Wis. 2d 397, at 435.

In its response brief, the Complainant cites language in *Lyons* concluding that for purposes of Wis. Stat. Chapter 218 the terms "motor vehicle dealer" and "licensee" are not interchangeable. The Complainant then argues that the fact Wis. Stat. § 218.0116(8)(a) refers to a "motor vehicle dealer" shows that the legislature intended this provision of Wis. Stat. Chapter 218 to apply to any entity that meets the definition of a motor vehicle dealer, not just dealers licensed to by the WisDOT. The Complainant's reliance on the language in *Lyons* is in complete opposition to the holding of the court.

In *Lyons* a corporation that operated a rental car business and was not a licensed motor vehicle dealer sought to take advantage of the protections in Wis. Stat. Chapter 218 in a dispute with a motor vehicle manufacturer. The court said that even if Lyons activities meant that it could meet the definition of a "motor vehicle dealer," the terms "motor vehicle dealer" and "licensee" are not interchangeable and only a licensee may assert a claim. The Complainant cites this language to argue that because Wis. Stat. § 218.0116(8)(a) refers to a "motor vehicle dealer," it is not intended to be limited to licensees. This is a mischaracterization of the holding in *Lyons*. The court's holding unequivocally provides that a motor vehicle dealer must be licensed by the WisDOT to have standing to file a complaint under the provisions of Wis. Stat. Chapter 218.

Although the phrase "motor vehicle dealer" and the term "licensee" are not interchangeable, to operate as a motor vehicle dealer in Wisconsin a business must be licensed by the WisDOT. Wis. Stat. § 218.0114(1) provides:

> No motor vehicle dealer, motor vehicle wholesaler, motor vehicle salesperson, motor vehicle buyer, or sales finance company may engage in business as a motor vehicle dealer, motor vehicle wholesaler, motor vehicle salesperson, motor vehicle buyer, or sales finance company in this state without a license therefor as provided in ss. 218.0101 to 218.0163.

Thus, for purposes of Wis. Stat. Chapter 218, although the terms are not interchangeable, to be a motor vehicle dealer, a business must be licensed.[2]

As another alternative, Complainants argue that since they are licensed by the Minnesota Department of Transportation, they are licensees. As discussed above, the DHA's jurisdiction in this area is derived from the WisDOT's licensing function. The DHA does not have authority to hear and decide a dispute involving a motor vehicle dealer licensed by another state. This interpretation is also consistent with the provisions of the Dealer Agreement (attached as Exhibit "A" to the complaint). Section 10, Governing Law, on page 20 of the Dealer Agreement provides:

> Governing Law. This contract has been signed by Dealer and sent to Seller in Milwaukee, Wisconsin for the final approval and execution and there has been signed and delivered on behalf of Seller. The parties intend this contract to be executed as a Wisconsin agreement and to be construed in accordance with the laws of the state of Wisconsin, *with the exception of Chapter 218 Wis. Stats. And any amendments or successor provisions thereto unless Dealer is situated in the State of Wisconsin.* Any applicable state motor vehicle statute governing the relationship between Dealer and Seller shall be controlling in the event of a conflict between any provision of this Contract and that state statute.

(emphasis added)

The Complainant argues that because it has been assigned responsibility of some zip codes in Wisconsin it is situated in Wisconsin and; therefore, Wis. Stat. § Chapter 218 applies to it.

The phrase "situated in Wisconsin" is not defined in the Dealer Agreement. A reasonable interpretation of this phrase is that the dealer's facilities must be located in Wisconsin and the dealer must be licensed in Wisconsin. In other words, the dealer must be a Wisconsin dealer. However, since this is a motion to dismiss, the benefit of any doubt must be given to the non-moving party. Accordingly, one must assume for purposes of this motion that "situated in Wisconsin" could include being assigned territory in Wisconsin. However, even if one assumes that the Complainant is "situated in Wisconsin," the contract provision only provides that the provisions of Wis. Stat. Chapter 218 control, it does not give the DHA jurisdiction to hear and decide the dispute. As an administrative agency, the DHA has only those powers expressly granted it by the legislature. The Complainant and Harley-Davidson cannot contract to expand those powers. At most, the contract provision cited by St. Paul means the provisions of Wis. Stat. Chapter 218 will apply in an action between St. Paul and Harley-Davidson, but not that the action can be heard by the DHA.

---

[2] Similar language is included in the administrative regulations promulgated by the WisDOT. Wis. Admin Code § Trans 138.01(3) provides:

> One purpose of [Wis. Admin Code chapter Trans 138] is to interpret the definition of a motor vehicle dealer found in s. 218.0101, Stats., and that section's requirement that all motor vehicle dealers be licensed.

In conclusion, the only method of enforcing an order issued by the DHA is to suspend or revoke a motor vehicle dealer's or manufacturer's license to operate in Wisconsin. Therefore, for a DHA order to be enforceable, the parties must be licensed in Wisconsin. Although not expressly stated in Wis. Stat. Chapter 218, this is clearly the legislative scheme underlying the DHA's role in Wis. Stat. Chapter 218. All the reported appellate decisions interpret the application of Wis. Stat. Chapter 218 in this manner. Accordingly, the DHA does not have jurisdiction to hear the complaint filed by St. Paul and the complaint must be dismissed.

## Conclusions of Law

The Administrator concludes:

1. The Division of Hearings and Appeals has authority to hear and decide complaints filed pursuant to Wis. Stat. § 218.0116(8), alleging that a manufacturer is modifying a motor vehicle dealer agreement and that the modification substantially and adversely affects the rights, obligations, investment or return on investment of a motor vehicle dealer.

2. The Division of Hearings and Appeals' authority in disputes under Wis. Stat. Chapter 218 is derived from the licensing requirements of that chapter. No basis exists for the Division of Hearings and Appeals to provide relief to a motor vehicle dealer that is not licensed by the Wisconsin Department of Transportation.

3. Pursuant to Wis. Stat. §§ 218.0116(8) and 227.43(1)(bg), the Division of Hearings and Appeals has the authority to issue the following Order.

## Order

The Administrator orders:

The Division of Hearings and Appeals does not have authority to grant the relief requested by in the complaint filed by St. Paul Harley Davidson pursuant to Wis. Stat. § 218.0116(8). The Motion to Dismiss filed by Harley-Davidson Motor Company, Inc., is granted and the complaint filed by St. Paul Harley Davidson is DISMISSED.

Dated at Madison, Wisconsin on November 14, 2011.

STATE OF WISCONSIN
DIVISION OF HEARINGS AND APPEALS
5005 University Avenue, Suite 201
Madison, Wisconsin 53705
Telephone:  (608) 266-7709
FAX:  (608) 264-9885

By: _____
David H. Schwarz
Administrator

# NOTICE

Set out below is a list of alternative methods available to persons who may wish to obtain review of the attached decision of the Division. This notice is provided to insure compliance with Wis. Stat. § 227.48 and sets out the rights of any party to this proceeding to petition for rehearing and administrative or judicial review of an adverse decision.

1. Any person aggrieved by the attached order may within twenty (20) days after service of such order or decision file with the Division of Hearings and Appeals a written petition for rehearing pursuant to Wis. Stat. § 227.49. Rehearing may only be granted for those reasons set out in Wis. Stat. § 227.49(3). A petition under this section is not a prerequisite for judicial review under Wis. Stat. §§ 227.52 and 227.53.

2. Any person aggrieved by the attached decision which adversely affects the substantial interests of such person by action or inaction, affirmative or negative in form is entitled to judicial review by filing a petition therefore in accordance with the provisions of Wis. Stat. §§ 227.52 and 227.53. Said petition must be filed within thirty (30) days after service of the agency decision sought to be reviewed. If a rehearing is requested as noted in paragraph (1) above, any party seeking judicial review shall serve and file a petition for review within thirty (30) days after service of the order disposing of the rehearing application or within thirty (30) days after final disposition by operation of law. Any petition for judicial review shall name the Division of Hearings and Appeals as the respondent. The Division of Hearings and Appeals shall be served with a copy of the petition either personally or by certified mail. The address for service is:

> DIVISION OF HEARINGS AND APPEALS
> 5005 University Avenue, Suite 201
> Madison, Wisconsin 53705-5400

Persons desiring to file for judicial review are advised to closely examine all provisions of Wis. Stat. § 227.52 and 227.53 to insure strict compliance with all its requirements.

G:\DOCS\DotDecisions\StPaulMotorFinalDec.mjk.doc



**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

VEREX PLAZA
150 EAST GILMAN STREET
MADISON, WI 53703-1481
POST OFFICE BOX 1497
MADISON, WI 53701-1497
608.257.5035 TEL
608.258.4258 FAX
foley.com

November 3, 2011

CLIENT/MATTER NUMBER
031766-0496

**VIA MESSENGER**

David H. Schwarz
Administrator
Wisconsin Division of Hearings and Appeals
5005 University Avenue
Suite 201
Madison, WI 53705-5100

**RECEIVED**
NOV 7 2011
Division of Hearings
and Appeals - Madison

Re: *St. Paul Motorsports d/b/a St. Paul Harley-Davidson v. Harley-Davidson Motor Company, Inc.*
Case no. TR-11-0010

Dear Mr. Schwarz:

On October 21, 2011, Administrative Law Judge Mark Kaiser issued a Proposed Decision in the above matter dismissing St. Paul's protest. For all the reasons set forth in Harley-Davidson Motor Company's briefs in support of its motion to dismiss this matter, the Proposed Decision correctly holds that because St. Paul is not licensed as a Wisconsin motor vehicle dealer (and may not be so licensed because it does not have a place of business in Wisconsin, as noted by the Department of Transportation in its October 3, 2011 denial of St. Paul's recent application for a license), St. Paul has no standing to bring an action under Wis. Stat. ch. 218 and the Division has no jurisdiction over any such claim. Accordingly, Harley-Davidson Motor Company respectfully requests that the Proposed Decision be adopted as the Final Decision of the Division.

Sincerely,

FOLEY & LARDNER LLP

Roberta Howell

Roberta F. Howell

cc: Douglas Boettge, Liz Kramer

BOSTON          JACKSONVILLE    MILWAUKEE       SAN DIEGO           SILICON VALLEY
BRUSSELS        LOS ANGELES     NEW YORK        SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO         MADISON         ORLANDO         SAN FRANCISCO       TAMPA
DETROIT         MIAMI           SACRAMENTO      SHANGHAI            TOKYO
                                                                    WASHINGTON, D.C.

4832-4546-7661.1